# ORIGINAL

| FILED |
|---|
| AUG **2 7** 2009 |
| U.S. COURT OF FEDERAL CLAIMS |

## In the United States Court of Federal Claims
## Bid Protest

<table>
<tr>
<td>

SYNERGY
SOLUTIONS, INCORPORATED,

    Plaintiff,

    v.

THE UNITED STATES,

    Defendant.

</td>
<td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td>
<td>

# 09-569 C

No. 09-___C<br>Judge

</td>
</tr>
</table>

### POST-AWARD PROCUREMENT PROTEST COMPLAINT

Plaintiff, Synergy Solutions, Incorporated, 5444 Royal Vista Lane, Las Vegas, Nevada 89149-6614 (SSI), a Tennessee corporation and a small, woman-owned support services business certified by the U.S. Small Business Administration as a small and disadvantaged 8(a) company, as and for its Post-Award Procurement Protest Complaint against the Defendant, the United States, alleges as follows:

INTRODUCTION

1. This is a Post-award Procurement Protest, a Civil Action alleging clear and prejudicial violations of Statute and Regulation in connection with a Federal Agency Acquisition, Solicitation Number DE-RP52-09NA28681, a small business set-aside Solicitation for Competitive Proposals which promises an Award, a single Cost-Plus-Fixed-Fee term type Contract for a base period of two years with three one-year Options, a Federal Agency Acquisition over which this Court has jurisdiction under 28 U.S.C. § 1491(b)(1).

2. The Solicitation is issued by the United States Department of Energy's (DoE's) National Nuclear Security Administration's Service Center/Office of Business Services, Pennsylvania and H Streets, Kirtland Air Force Base, Albuquerque, New Mexico (DoE). The proposed Contract requires diverse technical personnel security and facility clearance support services to assist the National Nuclear Security Administration's (NNSA's) Personnel Security Department in the management and implementation of security programs that support Lawrence Livermore National Laboratory,

- 2 -

Los Alamos National Laboratory, Pantex Plant, Y-12 Plant, Nevada Test Site, Kansas City Plant, Sandia National Laboratories, and other NNSA facilities.

3. This Civil Action is brought to obtain a Declaration that the selection of Santa Fe Protective Services, Incorporated, Post Office Box 547, Albuquerque, New Mexico 87102 (SFPS) for Award of Contract Number DE-AC52-09NA28681, the Contract proposed by Solicitation Number DE-RP52-09NA28681 lacks a rational basis and is unreasonable or irrational, and thus arbitrary and capricious because: (1) DoE violates Federal Acquisition Regulation 15.308 by failing to make a comparative assessment of the initial Competitive Proposals of SSI and SFPS against the announced Evaluation Criteria including, particularly, by failing to consider the impact of SFPS's dramatic understatement of SFPS's Probable Cost on SFPS's ratings for the "Approach" Evaluation Criterion and on SFPS's ratings for the "Staffing Plan and Program Manager Qualifications" Evaluation Criterion; (2) DoE violates Federal Acquisition Regulation 15.308 when its Source Selection Authority fails to make an independent judgment of the impact of SFPS's dramatic understatement of SFPS's Prob-

able Cost on SFPS's rating under the "Approach" Evaluation Criterion and on SFPS's rating under the "Staffing Plan and Program Manager Qualifications" Evaluation Criterion; (3) DoE violates Federal Acquisition Regulation 15.308 when its Source Selection Authority fails to make a documented Best Value Trade-Off decision which includes the rationale for business judgments and the tradeoffs made in the selection of SFPS's initial Competitive Proposal for the Award of the Contract proposed by Solicitation Number DE-RP52-09NA28681; (4) DoE's ratings of SFPS under the "Approach" Evaluation Criterion and under the "Staffing Plan and Program Manager Qualifications" Evaluation Criterion are grossly overstated and in violation of Federal Acquisition Regulation 15.404-1(d)(1) because DoE fails to consider the impact of SFPS's understatement of SFPS's Probable Cost by fourteen and one-half percent as a reflection of SFPS's understanding of the technical requirements; (5) selection of SFPS for Award of the Contract proposed by Solicitation Number DE-RP52-09NA-28681 violates 41 U.S.C. § 253b(d)(3) because this Award is not made to the initial Competitive Proposal "most advantageous to the United States" considering "the fac-

- 4 -

tors included in the solicitation;" and (6) DoE is in breach of its obligation to act with integrity, fairness, and openness, and to treat Offerors fairly.

4. This Civil Action seeks further a Permanent Injunction allowing Defendant DoE to make a new Source Selection from among the existing initial Competitive Proposals, this one to be made by a new Source Selection Authority and a new Integrated Product Team upon a lawful Best Value Trade-Off after new and proper ratings of the initial Competitive Proposals against the four announced Evaluation Criteria.

NATURE OF THE ACTION

5. SSI here challenges the selection on August 6th, 2009 of SFPS for Award of Contract Number DE-AC52-09NA28681, the Contract proposed by Solicitation Number DE-RP52-09NA28681. This Award is made on the basis of a purported Best Value Trade-Off because SFPS's initial Competitive Proposal is claimed to represent the "best value to the Government in terms of technical merit and price . . . ."

6. SSI seeks a Declaration that this selection for Award lacks a rational basis and is arbitrary and capricious in violation of applicable procurement Statutes and Regulations. There is no reasoned judgment which can support this selection for Award which is made on an erroneous and unlawful Best Value Trade-Off.

7. SSI seeks also a Permanent Injunction ordering that Solicitation Number DE-RP52-09NA28681 be re-opened after a new Integrated Product Team and a new Source Selection Authority have been appointed and that Defendant DoE make a new Source Selection from among the existing initial Competitive Proposals already determined to be in the competitive range, this one to be made by the new Source Selection Authority upon a lawful Best Value Trade-Off after proper ratings by a new Integrated Product Team against the four announced Evaluation Criteria.

8. SSI seeks a proper review of this Acquisition on the contemporaneous record, 5 U.S.C. § 706(2)(A), and meaningful relief for clear and prejudicial procurement process errors and clear errors of judgment.

9. Such a review will demonstrate that this selection for Award violates Federal Acquisition Regulation 15.308 because there has not been a proper comparative assessment of the Competitive Proposals against the four announced Evaluation Criteria set out in the Solicitation and that this Award violates 41 U.S.C. § 253b(d)(3) because this Award is not made to the Competitive Proposal "most advantageous to the United States" considering "the factors included in the solicitation."

10. Such a review will demonstrate that this selection for Award violates Federal Acquisition Regulation 1.102(b)(3) and 1.102-2(c)(3) because DoE is in breach of its obligation to act with integrity, fairness, and openness, and to treat Offerors fairly.

11. SSI, a responsible Contractor, a small and woman-owned business certified by the U.S. Small Business Administration as a small and disadvantaged 8(a) company, and an actual Offeror whose initial Competitive Proposal is in the competitive range and in a position to receive Award of the proposed Contract, is an appropriate "interested party" under 28 U.S.C. § 1491(b)(1), and SSI has a direct economic interest in the outcome of this Post-Award Procurement Protest.

- 7 -

12. SSI is a proper party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(B)(ii), i.e., SSI is a private party and a Corporation which at the time this Post-Award Procurement Protest is filed has not more than 500 employees and whose net worth does not exceed $7,000,000 averaged over the past three years.

13. This Post-Award Procurement Protest is timely filed. SSI received on August 6th, 2009 written notice of the selection of SFPS for Award of the Contract proposed by Solicitation Number DE-RP52-09NA28681. On August 19th, 2009 SSI received its final written Debriefing by DoE provided in accordance with 41 U.S.C. § 253b(e)(1).

14. Defendant DoE is established at the seat of Government, 42 U.S.C. § 7131, and DoE is an Executive Department of the United States, 5 U.S.C. § 101. DoE has the authority to enter into and administer Contracts. 42 U.S.C. § 7256(a). DoE is an "agency" just as that term is defined in 28 U.S.C. § 451, and thus DoE is also a "Federal agency" as is required by 28 U.S.C. § 1491(b)(1). NNSA was established in 2000 under Title XXXII of the National Defense Authorization Act for Fiscal Year 2000, Public Law Number 106-65, and NNSA is a separately-organized agency

- 8 -

within DoE. NNSA is responsible for the management and security of this nation's nuclear weapons, for nuclear nonproliferation, and for naval reactor programs. NNSA's Service Center provides procurement, human resources, and other support services. NNSA's Service Center is a tenant activity at Kirkland Air Force Base, Albuquerque, New Mexico. DoE, NNSA, and NNSA's Service Center are instrumentalities of the United States.

15. DoE's violations of procurement Statute and Regulation have had a direct and prejudicial effect on SSI. SSI has been denied a proper evaluation of its Competitive Proposal, SSI has been denied a lawful Best Value Trade-Off, and SSI has asked for, but has not received, a reasoned judgment which can support the Award to SFPS. As a result of DoE's breach of the implied-in-fact Contract of good faith, fair dealing, and honest consideration, SSI is wasting time and proposal preparation costs. Ultimately, SSI is being unfairly denied the opportunity to compete, on the four announced Evaluation Criteria, for the Award of the Contract proposed by Solicitation Number DE-RP52-09NA28681.

- 9 -

FACTUAL ALLEGATIONS

SOLICITATION NUMBER DE-RP52-09NA28681

16. Solicitation Number DE-RP52-09NA28681 was issued on December 15th,

2008. This Acquisition is set-aside for small businesses and seeks Competitive Propo-

sals for administrative and technical support services to be provided to NNSA's Per-

sonnel Security Department. The Personnel Security Department's program respon-

sibilities include personnel security program support to a NNSA clearance popula-

tion of 52,000 contractor and Federal employees. The work includes personnel secur-

ity adjudicative and processing activities, as well as requesting and analyzing the re-

quired background investigations of approximately 8,200 clearance holders and 4,000

applicants per year. Security reviews for approximately 9,500 human reliability pro-

gram incumbents per year are required. The Awardee performs processing, as well as

adjudication functions. Investigations are conducted by the Office of Personnel Man-

agement (approximately 9,000 to 11,000 investigations and reinvestigations annually)

and by the Federal Bureau of Investigation (approximately 500 to 600 investigations

- 10 -

annually). Support for the Foreign Ownership Control and Influence Program is also required—these determinations are made on prospective DoE Contractors and on their parent companies prior to granting a facility clearance or awarding a Contract requiring access authorization. The population of active facility clearances is approximately 850.

17. These administrative and technical support services are principally to be furnished on-site at Kirtland Air Force Base, Albuquerque, New Mexico, there using DoE-provided office space, applications software, equipment, and supplies. The Contract proposed by Solicitation Number DE-RP52-09NA28681 requires also that the Awardee operate the personnel security vault and be responsible for some 52,000 active personnel security files. The Awardee is required to create and update database records and to administer and maintain all intra- and inter-office management information systems. Services are to be furnished from Monday through Friday each week between core hours of 9:00 a.m. and 3:00 p.m.

18. The period of performance for the proposed Contract runs from date of Award through November 2011. The transition/phase in period is November 19th, 2009 through December 18th, 2009. Three one-year Options are also available to DoE. Administrative and technical support services are currently being provided by Net-Gain Corporation, Knoxville, Tennessee (NetGain). NetGain has provided these administrative and technical support services since November 2004. NetGain is furnishing these administrative and technical support services with a staff of over 100 persons. The period of performance of NetGain's Contract extends through November 17th, 2009. The Contract proposed by Solicitation Number DE-RP52-09NA28681 places a ceiling of $25,000 on transition costs.

19. DoE has announced that it will review Competitive Proposals submitted in response to Solicitation Number DE-RP52-09NA28681 against four Evaluation Criteria: "Approach," "Staffing Plan and Program Manager Qualifications," "Experience," and "Past Performance." "Approach" is to be evaluated by rating an Offeror's narrative of its proposed technical approach for accomplishing three selected requirements from

- 12 -

the Performance-Based Work Statement (PBWS) included with the proposed Contract: end-to-end adjudication of a security clearance; processing a request for security clearance; and recommending a Foreign Ownership, Control or Influence determination and a facility approval and registration. "Staffing Plan and Program Manager Qualifications" is to be evaluated by rating on an Offerors' description of the labor categories and job duties of all proposed labor categories, including the estimated quantity of proposed full-time equivalent (FTE) personnel and the associated direct productive labor hours (DPLH) allocated to each labor category. As well, Offerors are to provide the resume of a proposed "Program Manager," and this resume is to be rated. "Experience" is to be evaluated by rating an Offeror's performances on past or current Contracts which are relevant (similar in nature, size in dollars, and complexity) to the scope of work required under the PBWS. "Past Performance" is to be evaluated by rating the experiences of an Offeror and its team members.

20. Solicitation Number DE-RP52-09NA28681 includes a blanket Service Contract Act Wage Determination setting out the minimum wage for a range of different

- 13 -

positions. DoE has not, however, set out the positions to be used for performance under the PBWS; in Questions and Answers provided to Offerors before the submission of initial Competitive Proposals, DoE has explained that this Competition requires each Offeror to propose the applicable labor categories which that Offeror supposes are appropriate for the requirements of the PBWS. Likewise, DoE has explained that it is left to Offerors to propose particular DPLH as appropriate to that Offeror's "Best Approach" to performing the PBWS. DoE expects Offerors "to propose the appropriate staffing levels to accomplish the PBWS as well as demonstrate to the Government a sound understanding of the requirement."

21. The four stated Evaluation Criteria "when combined, are significantly more important than cost; however cost will contribute substantially to the selection decision." Solicitation Number DE-RP52-09NA28681 goes on:

> The Government is more concerned with obtaining a superior Technical proposal (the four criteria) than making an award at the lowest total probable cost. However, the Government will not make an award at a price premium it considers disproportionate to the benefits associated with the evaluated superiority of one Offeror's Technical Proposal over another. Thus,

- 14 -

to the extent that Offerors' Technical Proposals are evaluated as close or similar in merit, the total probable cost is more likely to be a determining factor.

M002 BASIS OF CONTRACT AWARD (FEB 2005).

22. Solicitation Number DE-RP52-09NA28681 provides that DoE will "determine probable cost in accordance with FAR 15.404-1(d) [Federal Acquisition Regulation 15.404-1(d)] and use it to determine the best value . . ." The Solicitation provides that:

> The burden of proof for credibility of proposed cost/price rests with the Offeror. Unrealistically low or high proposed costs or prices may be grounds for eliminating a proposal from consideration either on the basis that the Offeror does not understand the requirements or has made an unrealistic offer.

L004 PROPOSAL PREPARATION INSTRUCTIONS: VOLUME III—COST PROPOSAL (FEB 2005)(a)(4). Likewise:

> An unrealistic or unreasonable cost proposal also may be evidence of the Offeror's lack of or poor understanding of the requirements of the solicitation, and thus may adversely affect the Offeror's rating on the Technical Proposal criteria.

M004 COST PROPOSAL (SEP 2008).

- 15 -

CONTRACT AWARD

23. The due date for submission of initial Competitive Proposals was February 11th, 2009. On August 6th, 2009 DoE announced that nine initial Competitive Proposals had been received and SFPS had been selected for Award as the Offeror "whose proposal represents the best value to the Government in terms of technical merit and price considering the evaluation criteria in the solicitation."

24. SFPS was rated "Excellent" on the "Approach" Evaluation Criterion, "Good" on the "Staffing Plan and Program Manager Qualifications" Evaluation Criterion, "Satisfactory" on the "Experience" Evaluation Criterion, and "Excellent" on the "Past Performance" Evaluation Criterion. The evaluated Price (Probable Cost) for SFPS is $46,269,948. The proposed Price for SFPS is $36,903,294. In other words, SFPS has been determined by DoE to have understated its Probable Cost by fourteen and one-half percent. Just as was announced in the Questions and Answers provided to Offerors before the submission of initial Competitive Proposals, DoE's Cost realism adjust-

- 16 -

ment reveals that SFPS has failed "to demonstrate to the Government a sound under-standing of the requirement."

25. SSI's ratings on the four announced Evaluation Criteria are higher than the ratings given to SFPS. SSI's evaluated Price (Probable Cost) is determined to be less than one percent different than SSI's proposed Price. SSI's evaluated Price (Probable Cost) is higher than the evaluated Price (Probable Cost) for SFPS.

26. On information and belief, there is no adjustment to SFPS's ratings on the four announced Evaluation Criteria and no consideration given by DoE to SFPS's dramatic understatement of its Probable Cost, these as promised by Solicitation Number DE-RP52-09NA28681 and this in violation of Federal Acquisition Regulation 15.404-1(d)(1) which mandates that a Cost realism analysis is to determine whether an Offeror's proposed Price "reflect[s] a clear understanding of the requirements."

27. On August 19th, 2009, this in response to a specific Debriefing request from SSI, DoE refused to disclose even a redacted version of the Source Selection Authority's Best Value Trade-Off rationale.

- 17 -

FIRST CLAIM FOR RELIEF

28. SSI herewith incorporates and re-alleges paragraphs numbers 1. through 27. hereinabove as if fully set forth herein.

29. DoE violates Federal Acquisition Regulation 15.308 by failing to make a comparative assessment of the initial Competitive Proposals of SSI and SFPS against the announced Evaluation Criteria including, particularly, by failing to consider the impact of SFPS's dramatic understatement of SFPS's Probable Cost on SFPS's ratings for the "Approach" Evaluation Criterion and on SFPS's ratings for the "Staffing Plan and Program Manager Qualifications" Evaluation Criterion.

30. DoE violates Federal Acquisition Regulation 15.308 when its Source Selection Authority fails to make an independent judgment of the impact of SFPS's dramatic understatement of SFPS's Probable Cost on SFPS's rating under the "Approach" Evaluation Criterion and on SFPS's rating under the "Staffing Plan and Program Manager Qualifications" Evaluation Criterion.

- 18 -

31. DoE violates Federal Acquisition Regulation 15.308 when the Source Selection Authority fails to make a documented decision which includes the rationale for business judgments and the tradeoffs made in the selection of SFPS's initial Competitive Proposal for the Award of the Contract proposed by Solicitation Number DE-RP52-09NA28681.

SECOND CLAIM FOR RELIEF

32. SSI herewith incorporates and re-alleges paragraphs numbers 1. through 27. hereinabove as if fully set forth herein.

33. DoE misevaluates SFPS's initial Competitive Proposal under the "Approach" Evaluation Criterion and under the "Staffing Plan and Program Manager Qualifications" Evaluation Criterion because DoE fails to consider the impact of SFPS's understatement of SFPS's Probable Cost by fourteen and one-half percent as a reflection of SFPS's understanding of the requirements, this in violation of Federal Acquisition Regulation 15.404-1(d)(1).

- 19 -

THIRD CLAIM FOR RELIEF

34. SSI herewith incorporates and re-alleges paragraphs numbers 1. through 27. hereinabove as if fully set forth herein.

35. Selection of SFPS for Award of the Contract proposed by Solicitation Number DE-RP52-09NA28681 violates 41 U.S.C. § 253b(d)(3) because this Award is not made to the initial Competitive Proposal found to be "most advantageous to the United States" considering "the factors included in the solicitation."

FOURTH CLAIM FOR RELIEF

36. SSI herewith incorporates and re-alleges paragraphs numbers 1. through 27. hereinabove as if fully set forth herein.

37. DoE has breached the implied-in-fact Contract of good faith, fair dealing, and honest consideration that DoE entered into with SSI when the Competition under Solicitation Number DE-RP52-09NA28681 commenced.

PRAYER FOR RELIEF

WHEREFORE, premises considered, SSI respectfully requests the Court to grant Judgment for SSI in this Civil Action, and to Order the following relief:

1. a Declaration that the selection of SFPS for Award of the Contract proposed by Solicitation Number DE-RP52-09NA28681 lacks a rational basis and is unreasonable or irrational, and thus arbitrary and capricious; and

2. a Permanent Injunction ordering that Solicitation Number DE-RP52-09NA-28681 be re-opened, allowing Defendant DoE to make a new Source Selection from among the existing Competitive Proposals, this one to be made by a new Source Selection Authority and a new Integrated Product Team upon a lawful Best Value Trade-Off after proper ratings against the four announced Evaluation Criteria; and

3. a Declaration that SSI is entitled to equitable relief, and money damages, for DoE's breach of the implied-in-fact Contract of good faith, fair dealing, and honest consideration that DoE's NNSA Service Center entered into with SSI when the Competition under Solicitation Number DE-RP52-09NA28681 commenced; and

- 21 -

4. such further and other relief as the Court may deem just and proper.

Respectfully submitted,

Cyrus E. Phillips IV
Virginia State Bar Number 03135

August 27th, 2009

Colonial Place I
2111 Wilson Boulevard, Suite 700
Arlington, Virginia 22201-3052

Telephone:        (703) 351-5044
Facsimile:        (703) 351-9292
Mobile:           (703) 819-5944
Electronic Mail:  lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Synergy Solutions, Incorporated.

- 22 -