IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| SYNERGY SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-569 C |
| | ) | (Senior Judge Robert H. Hodges, Jr.) |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION TO INTERVENE**

COMES NOW Prospective Intetvenor, Santa Fe Protective Services (SFPS), by and through its attorneys, The Barnett Law Firm, and moves to intervene in this matter pursuant to Rule 24 of the Rules of the Court of Federal Claims (RCFC). In support of this Motion, SFPS states as follows:

1. Intervention is governed by RCFC Rule 24. Intervention may be allowed either as a matter of right under RCFC 24(a) or permissively under RCFC 24(b).

2. The requirements for intervention are to be construed in favor of intervention. *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (1989).

3. On August 6, 2009, SFPS was awarded Contract Number DE-AC52-09NA28681, which was proposed by Solicitation Number DE-RP52-09NA28681. This litigation is a bid protest concerning that solicitation and contract.

4. Pursuant to RCFC Rule 24(a)(2) SFPS claims, and possesses, an interest in the transaction that is the subject matter of this lawsuit. Intervention is proper to protect interests which are "of such a direct and immediate character that the Intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Am. Mar. Transp, Inc.*, at 1561 (internal citation omitted).

5. This motion is timely and counsel for SPFS has previously advised the Court,

Plaintiff and Defendant of its intention to intervene. SFPS will abide by the deadlines set forth in the Court's Order of September 1, 2009.

6. The Court's disposing of this action may as a practical matter impair or impede SFPS's ability to protect its interest.

7. The existing parties do not adequately protect the interest of SFPS. Plaintiff is obviously adverse. Among other matters, Plaintiff has alleged that SFPS and the United States engaged in "unlawful discussions" in the course of the procurement. SFPS has an interest in, and is entitled to, defend itself against this assertion of unlawful activity. Although the United States has a similar interest in defending itself against the attendant, reciprocal assertion against it, it does not share SFPS's own interest in responding fully on its own behalf to these allegations of SFPS's impropriety. In addition, as the successful bidder SFPS has a unique interest in, and knowledge of the circumstances reflected in the administrative record. SFPS will offer a perspective and knowledge that the Plaintiff and Defendant may lack, overlook or value differently. "The court also may find that a proposed intervenor's interests are not adequately represented where the intervenor would bring a perspective none of the other parties to the litigation have." *Defenders of Wildlife v. Johanns*, No. C 04-4512 PJH, 2005 WL 3260986, at *8 (N.D. Cal. Dec. 1, 2005)(citation omitted). See also, e.g. *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994). This Court routinely has permitted intervention by the awardee under RCFC 24. See, e.g., *United Int'l Investigative Servs. V. United States*, 41 Fed. Cl. 312, 317.

8. Pursuant to RCFC Rule 24(b)(1)(B) SFPS has defenses to the protest that are shared, indeed exclusively shared, with this main action.

9. Neither Plaintiff nor Defendant oppose this Motion, and have advised that they will

not object to the undersigned having access to the administrative record.

WHEREFORE, SFPS prays that this motion be granted and that it be allowed to intervene in this action, to file the Answer-In-Intervention appended hereto, and that its undersigned counsel be given immediate access to the administrative record.

Respectfully submitted,

BARNETT LAW FIRM, P.A

/s/ David A. Garcia

BY:_____
       David A. Garcia
1905 Wyoming Blvd. NE
Albuquerque, NM 87112
(505) 275-3200

New Mexico State Bar Number 4722

Attorney for Prospective Intervenor,
  Santa Fe Protective Services, Inc

**Certificate of Service**

  I hereby certify, under penalty of perjury, that on Thursday, October 8, 2009, a true and complete copy of this Motion to Intervene on behalf of Santa Fe Protective Services was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Scott A. MacGriff, Esq.

Electronic Mail:  Scott.MacGriff@usdoj.gov

Cyrus E. Phillips IV, Esq.

Electronic Mail:  lawyer@procurement-lawyer.com

/s/ David A. Garcia
David A. Garcia

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| SYNERGY SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-569 C |
| | ) | (Senior Judge Robert H. Hodges, Jr.) |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant | | |

## [PROPOSED] ANSWER-IN-INTERVENTION OF SANTA FE PROTECTIVE SERVICES, INC.

Defendant-Intervenor Santa Fe Protective Services, Inc. ("SFPS") answers the allegations in Plaintiff's complaint as follows:

1. Paragraph 1 states a legal conclusion as to which no response is required. To the extent that a response may be required, Defendant-Intervenor lacks sufficient knowledge or information to admit or deny whether Plaintiff possesses the standing necessary to support subject matter jurisdiction in this Court on all of their claims, and therefore, Defendant-Intervenors denies the remaining allegations.

2. Defendant-Intervenor admits the allegations contained in paragraph 2.

3. Paragraph 3 states a legal conclusion as to which no response is required. To the extent that a response may be required, Defendant-Intervenor denies the remaining allegations.

4. Paragraph 4 states a request for relief and legal conclusion as to which no

response is required. To the extent that a response may be required, Defendant-Intervenor denies the remaining allegations.

5. Paragraph 5 states a legal conclusion and request for relief as to which no response is required. Defendant-Intervenor SFPS affirmatively states and admits that SFPS's proposal does represent the "best value to the Government in terms of technical merit and price…." To the extent that further response may be required, Defendant-Intervenor denies the remaining allegations.

6. In response to Paragraph 6, Defendant-Intervenor denies the allegations contained therein.

7. Paragraph 7 states a legal conclusion and request for relief as to which no response is required. To the extent that a response may be required, Defendant-Intervenor denies the allegations contained in paragraph 7 and states that plaintiff is not entitled to the requested relief.

8. Paragraph 8 states a legal conclusion and request for relief as to which no response is required. To the extent that a response may be required, Defendant-Intervenor denies the allegations and states that plaintiff is not entitled to the requested relief.

9. In response to paragraph 9, Defendant-Intervenor denies the allegations contained therein.

10. In response to paragraph 10, Defendant-Intervenor denies the allegations contained therein.

11. Paragraph 11 states a legal conclusion as to which no response is required. To the extent that a response may be required, Defendant-Intervenor lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 and, therefore, Defendant-Intervenor denies those allegations.

12. Paragraph 12 states a legal conclusion as to which no response is required. To the extent that a response may be required, Defendant-Intervenor lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 and, therefore, Defendant-Intervenors denies those allegations.

13. Defendant-Intervenor lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 and, therefore, Defendant-Intervenors denies those allegations.

14. Paragraph 14 states legal conclusions as to which no response is required.

15. In response to paragraph 15, Defendant-Intervenor denies the allegations contained therein.

16. In response to paragraph 16, Defendant-Intervenor admits that Solicitation DE-RP52-09NA28681 speaks for itself, and in its entirety.

17. In response to paragraph 17, Defendant-Intervenor admits that Solicitation DE-RP52-09NA28681 and the contract proposed therein speak for themselves, and in their entirety.

18. Defendant-Intervenor admits the allegations contained in paragraph 18.

19. In response to paragraph 19, Defendant-Intervenor admits that Solicitation DE-RP52-09NA28681 and the contract proposed therein speak for themselves, and in their entirety.

20. In response to paragraph 20, Defendant-Intervenor admits that Solicitation DE-RP52-09NA28681 speaks for itself and admits to the quoted language as that language is set forth, fully and in context, in Solicitation DE-RP52-09NA28681.

21. In response to paragraph 21, Defendant-Intervenor admits that Solicitation DE-RP52-09NA28681 speaks for itself and admits to the quoted language as that language is set forth, fully and in context, in Solicitation DE-RP52-09NA28681.

22. In response to paragraph 22, Defendant-Intervenor admits that Solicitation DE-RP52-09NA28681 speaks for itself and admits to the quoted language as that language is set forth, fully and in context, in Solicitation DE-RP52-09NA28681.

23. Defendant-Intervenor admits the allegations contained in paragraph 23 of the complaint.

24. In response to paragraph 24, Defendant-Intervenor admits that the scoring and price information set forth therein speaks for itself as contained in the administrative record, and otherwise denies the allegations contained in paragraph 24.

25. Defendant-Intervenor lacks sufficient knowledge or information to admit or deny the allegations of paragraph 25 and, therefore, denies those allegations.

26. In response to paragraph 26, Defendant-Intervenor denies the allegations

contained therein.

27.    Defendant-Intervenor lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 27 and, therefore, denies those allegations.

28.    In response to paragraph 28, Defendant-Intervenor repeats and affirms its responses in the preceding paragraphs.

29.    In response to paragraph 29, Defendant-Intervenor denies the allegations contained therein.

30.    In response to paragraph 30, Defendant-Intervenor denies the allegations contained therein.

31.    In response to paragraph 31, Defendant-Intervenor denies the allegations contained therein.

32.    In response to paragraph 32, Defendant-Intervenor repeats and affirms its responses in the preceding paragraphs.

33.    In response to paragraph 33, Defendant-Intervenor denies the allegations contained therein.

34.    In response to paragraph 34, Defendant-Intervenor repeats and affirms its responses in the preceding paragraphs.

35.    In response to paragraph 35, Defendant-Intervenor denies the allegations contained therein.

36.    In response to paragraph 36, Defendant-Intervenor repeats and affirms its

responses in the preceding paragraphs.

37.     In response to paragraph 37, Defendant-Intervenor denies the allegations contained therein.

WHEREFORE, Defendant-Intervenor SFPS respectfully requests that the Court:

1.     Dismiss Plaintiff's entire complaint with prejudice and enter judgment in favor of Defendants and Defendant-Intervenor and deny all relief sought by Plaintiff; and,

2.     Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

BARNETT LAW FIRM, P.A

/s/  David A. Garcia

BY:_____
       David A. Garcia
1905 Wyoming Blvd. NE
Albuquerque, NM 87112
(505) 275-3200

New Mexico State Bar Number 4722

Attorney for Prospective Intervenor,
   Santa Fe Protective Services, Inc

## Certificate of Service

I hereby certify, under penalty of perjury, that on Thursday, October 8, 2009, a true and complete copy of this Motion to Intervene on behalf of Santa Fe Protective Services was filed electronically via the Court's Electronic Case Filing System, through which noticeof this filing will be sent to:


Scott A. MacGriff, Esq.
Electronic Mail:  Scott.MacGriff@usdoj.gov

Cyrus E. Phillips IV, Esq.
Electronic Mail:  lawyer@procurement-lawyer.com



/s/  David A. Garcia

David A. Garcia